IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EUNICE LORETO,**

    Plaintiff,

vs.                                        Civ. No. 98-1448 MV/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file with the clerk of the district court any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2. Plaintiff applied for Social Security Disability Benefits on March 14, 1996, and Supplemental Security Income benefits on February 1, 1996, alleging a disability which commenced October 6, 1995. The Administrative Law Judge (ALJ) found that Plaintiff was not disabled. Tr. 25. The Appeals Council denied Plaintiff's request for review. Tr. 5-6. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3. Plaintiff alleges a disability due to lower back pain. Tr. 92. She was 49 years old on the date of the ALJ's decision. She has a general equivalency diploma and past relevant work experience as a nurse's aide, hairdresser and bartender. Tr. 40, 96.

**Issues**

4. Plaintiff alleges the ALJ made three errors. Specifically Plaintiff claims that: (1) the Appeals Council erred in concluding that the additional evidence did not provide a basis for changing the ALJ's decision; (2) the ALJ erred in concluding that Plaintiff has the residual functional capacity (RFC) to perform a full range of light work; and (3) the ALJ failed to meet his burden of proof at step five of the sequential evaluation.

2

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes her from returning to her past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering her age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612

3

F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that she is not engaged in substantial gainful employment; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience. If a determination of disabled or not disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by

4

incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v.

Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to carry her burden in establishing that she has a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. §404.1513.

11. The Appeals Council was correct in denying review of the ALJ's decision. After evaluating the entire record, including the new and material evidence that relates to the period on or before the ALJ's decision, the Appeals Council will review the case only "if it finds that the [ALJ's] actions, findings, or conclusion is contrary to the weight of the evidence currently of record." 20

C.F.R. §§404.970(b), 416.1470(b). The record before the ALJ contained substantial evidence that the Plaintiff had the RFC to perform a wide range of light work. Tr. 130, 141, 144, 145, 148, 152, 156, 162, 163.

12. Plaintiff sustained a work injury in July of 1995. She began seeing Dr. Kennedy on a regular basis in September of 1995. He initially released her to perform less than light work. Two days before Plaintiff's alleged date of onset, Dr. Kennedy received a report from another physician that Plaintiff was working part-time as a bartender. Tr. 145. In October of 1995 Dr. Kennedy found that Plaintiff could perform work activities consistent with a wide range of light work, including return to full time employment as a nurse's aide. Tr. 144, 145. Through May of 1996, Dr. Kennedy continued to release Plaintiff for light work involving no lifting greater than 20 pounds, no forward bending, no repeated twisting, and need to change positions frequently. Tr. 130, 139, 141, 156, 162.

13. The additional evidence submitted by Plaintiff which related to a period prior to the ALJ's decision shows that on July 16, 1997, Plaintiff underwent a neurological consultation by Anna Y. Vigil, M.D. Tr. 201-203. This consultation and testing again provide substantial evidence that Plaintiff was not disabled. Dr. Vigil found some tightness and tenderness to palpation over the trapezius muscles, absent left ankle jerk, and some loss of pinprick sensation in both lower legs. Tr. 202. Plaintiff had

7

good range of motion of her neck, full and symmetrical reflexes, normal muscle bulk and tone, normal strength, no muscle atrophy, no fasciculation, no fatiguability upon repeated testing, and normal vibratory sensation of toes. Tr. 202. Plaintiff was able to perform finger-to-nose motion, rapid alternating movements, heel-to-shin movements. Id. She had normal gait and tandem walk, with no limb ataxia or dysmetria. Id. The MRI scans revealed no significant disc herniation, nerve root impingement, or spinal stenosis. Tr. 202, 205. There did appear to be a disc protrusion in Plaintiff's thoracic spine but Plaintiff was not experiencing any associated clinical signs or symptoms. Id.

14. Plaintiff also submitted a letter from John M. Foster, M.D. Dated August 1, 1997. He indicated that Plaintiff would not be able to return to her "previous level of employment. Tr. 204.

15. The remainder of the new evidence is a nerve conduction study and a neurological consultation from November, 1997, three months after the ALJ's decision. The study determined that Plaintiff's left extremity numbness was probably due to peripheral neuropathy rather than myopathy or lumbosacral radiculopathy. Tr. 211. Though Plaintiff may had neuropathy for some time, there is not indicated that it brought on significant functional limits totally precluding her from working.

There is no merit to Plaintiff's claim that the ALJ erred in not doing a proper evaluation of her subjective complaints. The ALJ found after a complete review of the record as outlined in his

8

decision that Plaintiff's pain did not further reduce Plaintiff's RFC for the wide range of light work. Tr. 19-21, 24. In the review of the ALJ's decision it is clear that he considered other factors in addition to the clinical findings. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). The ALJ discussed Plaintiff's reported activities including cleaning, cooking and caring for her personal needs. The ALJ noted that Plaintiff did not use an assistive device to walk. Tr. 20. Although Plaintiff alleges constant pain, the medical reports she had more problems with numbness rather than pain. Tr. 164, 202. Further, the ALJ noted that her pain was precipitated by activities in excess of the light level. Tr. 21. The ALJ as required provided specific reasons why different factors led him to conclude that Plaintiff's pain was not disabling. See Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995). There is no reason for the court to disturb the ALJ's credibility findings. Diaz v. Secretary of HHS, 898 F.2d 774, 777 (10th Cir. 1989)("[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.") The fact that one physician after one examination made a conclusory statement that Plaintiff was not malingering is not substnatial evidence otherwise. Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991); Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994).

  17. Plaintiff's final contention that the record fails to

support the ALJ's determination that other jobs were available that Plaintiff could perform is also without merit.  The ALJ does not have to rely on any testimony that includes alleged limitations that he does not accept as true.  See Roberts v. Hecker, 783 F.2d 110, 112 (8th Cir. 1985).  Plaintiff appears to argue that the ALJ must accept all of the limitations to which Plaintiff testified or claimed. It is clear ALJ considered all possible disabilities however discounted their significance when there was a lack of objective corroborative evidence.  This is the ALJ's prerogative. Diaz v. Secretary of Health and Human Services, 898 F.2d at 774, 777 (10th Cir. 1990).  The hypothetical questions which asked the vocational expert to assume Plaintiff's age, education, past work experience, as well as the ability to lift up to 20 pounds, the limitation of no repeated forward bending or repeated twisting and the need to frequently change positions reflect the restrictions the ALJ found to be supported by the record.  Tr. 13, 17, 22, 24. See Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).

    18.  To conclude, Plaintiff's subjective complaints by themselves are insufficient to establish disability. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990).  Disability requires more than the mere inability to work without pain, stress or depression.  Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988; Gay v. Sullivan, 986 F.2d 1336 (10th Cir. 1993).  The record as a whole supports the Commissioner's decision.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
**Don J. Svet
United States Magistrate Judge**